United States District Court
Southern District of Texas

**ENTERED**

October 26, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Erik Ivan Rivera,<br>          Petitioner,<br><br>v.<br><br>Ed Gonzalez,<br>Sheriff, Harris County,<br>          Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-21-2667 |

## Report and Recommendation

Erik Ivan Rivera, an inmate confined in the Harris County Jail, has filed pleadings which the court construes as seeking habeas corpus relief under 28 U.S.C. § 2254. Rivera also moves to proceed *in forma pauperis.* (D.E. 8.) For the reasons discussed below, the court recommends that the petition be dismissed because Rivera has not exhausted his available state court remedies.

### I.      Background

Public records show that Erik Ivan Rivera pleaded guilty to a charge of indecency with a child in 2017. On October 24, 2017, the 228th District Court, located in Harris County Texas, sentenced Rivera to two years' imprisonment. Rivera did not appeal or file a state application for a writ of habeas corpus concerning the 2017 conviction.

On August 2, 2021, Rivera filed a hand-written letter that the court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (D.E. 1.) Rivera appeared to challenge his confinement relating to pending criminal charges in Harris County Case No. 169666201010 for failing to register as a sex offender. (D.E. 1 at 1.) However, on August 26, 2021, Rivera filed a form civil rights complaint under 42 U.S.C. § 1983. The civil rights

---

[1] Rivera has filed several civil rights complaints pertaining to the current charges against him and his 2017 conviction. Rivera has also filed one other § 2254 petition in Case No. 4:21-cv-3222, challenging the 2017 conviction. The court dismissed the petition on October 7, 2021, for failing to exhaust his available state court remedies.

complaint alleged that Rivera is wrongfully imprisoned for sexual assault of a child under the age of fourteen. (D.E. 9 at 2-3.) The court ordered Rivera to state whether he wanted to pursue relief through a writ of habeas corpus or a civil rights action. (D.E. 10.) The court provided Rivera with a form civil rights complaint and a form petition for a writ of habeas corpus under § 2241. *Id.*

Rivera filed two amended petitions in response. The first amended petition is a form § 2241 petition, in which Rivera states that he is challenging an "unjust [Harris County] conviction and imprisonment" for indecency with a child in case number 143114401010. (D.E. 13 at 2.) Rivera suggests that he also intends to challenge his pending charges in Case No. 169666201010 because he claims that he should not be in custody on charges for failing to register as a sex offender. The second amended petition is a form § 2254 petition challenging the same Harris County conviction for indecency with a child, case number 143114401010. (D.E. 14 at 2.)

## II.    Discussion

The Anti-Terrorism and Effective Death Penalty Act requires that a state prisoner exhaust state court remedies *before* he can seek federal habeas corpus review. Specifically, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must first present his claims in a procedurally proper manner to the highest state court so that it is given a fair opportunity to consider and pass upon challenges to a conviction. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Exceptions to the exhaustion requirement exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

In Texas, a criminal defendant may exhaust state remedies by direct appeal or post-conviction collateral proceedings pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by

pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). It is apparent from the amended petitions and public records that Rivera has not exhausted his proposed claims attacking his conviction for indecency with a child in the Texas Court of Criminal Appeals, either by way of direct appeal or state habeas proceedings under Article 11.07. Public records also show that Rivera also has not exhausted a claim relating to his pending charges. Rivera has not satisfied the exhaustion requirement found in § 2254(b) or shown that an exception applies. Therefore, this federal habeas corpus proceeding should be dismissed without prejudice.

III.    Conclusion and Recommendation

The court recommends that Rivera's federal habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies. Because the court recommends dismissing the petition, Rivera's motion to proceed *in forma pauperis* should be denied as moot. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October ___26___, 2021.

_____
Peter Bray
United States Magistrate Judge

3